UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JOSEPH Y NAPARSTEK, on behalf of himself
and the class defined herein,

                                           **MEMORANDUM**
                                             **OF LAW**

       Plaintiff
                                             11-cv-0457(AKH)

  -against-

ATLANTIC CREDIT & FINANCE, INC.

       Defendant
------------------------------------------------------------------------X

**DEFENDANT'S MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANT'S MOTION
TO DISMISS OR TRANSFER VENUE
PURSUANT TO 28 U.S.C. § 1406, FED.R.CIV.P. 12(b)(3),
AND 28 U.S.C. § 1404**

HILARY KORMAN, ESQ.
MEL S. HARRIS & ASSOCIATES, LLC
5 Hanover Square – 8th Floor
New York, New York 10004
212-660-4900 Ext.3309

# TABLE OF CONTENTS

| **SECTION** | **PAGE** |
|---|---|
| **Introduction**................................................................................... | 1 |
| **Preliminary Statement**.................................................................. | 1 |
| **Pertinent Facts** ............................................................................. | 2 |
| **Point A:** *DISMISSAL PURSUANT TO 28 U.S.C. § 1406(a) AND FED. R. CIV.P.12(b)(3)*............................................... | 3 |
| **Point B:** *TRANSFER OF VENUE PURSUANT TO 28 U.S.C. § 1404(a)* | 6 |
| (I): Transfer in General, Standard of Review ................. | 6 |
|     1. Whether the action to be transferred might have been brought in the transferee venue ...................... | 7 |
|     2. The convenience and "interest of justice" factors ..................................................................... | 8 |
|         (a) Plaintiff's choice of forum and location of counsel's law license ........................... | 8 |
|         (b) The convenience of witnesses ............. | 9 |
|         (c) The location of relevant documents and relative ease of access to sources of proof .. | 9 |
|         (d) Convenience of parties ........................ | 10 |
|         (d) Locus of operative facts ...................... | 10 |
|         (f) The availability of process to compel the attendance of unwilling witnesses ........... | 11 |
| (II): Practical Application.......................................... | 11 |
| **Conclusion** ................................................................................... | 13 |

# **TABLE OF AUTHORITIES**

|  | **PAGE** |
|---|---|
| *Advanced Fiber Tech. Trust v. J & L Fiber Serv. Inc.*, 2008 WL 4890377, at *1 (N.D.N.Y.) | 7 |
| *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 11 F.Supp.2d 729, 730 (S.D.N.Y.1998) | 7,12 |
| *Brown v. Rochester Super 8 Motel*, 899 F.Supp. 151 (S.D.N.Y. 1995) | 4 |
| *Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408 (2d Cir. 2005) | 5 |
| *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106-107 (2d Cir. 2006) | 7 |
| *Dwyer v. Gen. Motors Corp.*, 853 F.supp. 690, 692-93 (S.D.N.Y. 1994) | 9 |
| *Friedman v. Revenue Management of New York, Inc* 839 F.Supp. 203 (S.D.N.Y. 1993), affirmed 38 F.3d 668 (2d Cir. 1994) | 5 |
| Gulf Insurance Co. v. Glasbrenner, 417 F.3d 353, 56 (2d Cir. 2005) | 5 |
| *Hanger Orthopedic Group*, 418 F.Supp.2d 164, 69 (E.D.N.Y. 2006) | 10 |
| *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) | 4 |
| *O'Hopp v. ContiFinancial Corp.*, 88 F.Supp.2d 31, 34-35 (E.D.N.Y.2000) | 7 |
| *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) | 6 |
| *Stillwater Mining Co. Sec. Litigation*, 2003 WL 21087953 at *5 (S.D.N.Y. 2003). | 9,11 |
| *Tobey v. National Action Financial Services, Inc* | 10 |
| *Viacom Int'l, Inc. v. Melvin Simon Productions*, 774 F.Supp. 858, 867 (S.D.N.Y.1991) | 6,12 |
| *Walton v. Chase Home Finance LLC*, Slip Copy, 2011 WL 1045067 (S.D.N.Y.) | 8 |
| *Zaitsev v. State Farm Fire & Cas. Co.*, 2005 WL 3088326 at *3 (E.D.N.Y.) | 8 |

## **STATUTES**

| | |
|---|---|
| 28 U.S.C. § 1406 ................................................................ | 1,4 |
| Fed. R.Civ.P. 12(b)(3), ........................................................ | 1 |
| 28 U.S.C. § 1404 ................................................................ | 1,6 |
| 15 U.S.C. §§ 1692 ............................................................... | 3 |
| 28 U.S.C. § 1391 ................................................................ | 3,4,5,7 |
| Fed.R.Civ.P. 45 .................................................................. | 11 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JOSEPH Y NAPARSTEK, on behalf of himself
and the class defined herein,

                        Plaintiff

        -against-

ATLANTIC CREDIT & FINANCE, INC.

                        Defendant
------------------------------------------------------------------------X

**MEMORANDUM OF LAW**

11-cv-0457(AKH)

## INTRODUCTION

Defendant Atlantic Credit & Finance, Inc. respectfully submits this Memorandum of Law in support of defendant's motion to dismiss or transfer venue pursuant to 28 U.S.C. § 1406(a) and Fed. R.Civ.P. 12(b)(3), or 28 U.S.C. § 1404(a).

## PRELIMINARY STATEMENT

This case has no connection to New York or this District. The plaintiff is from South Carolina (*see* Complaint ¶ 5), Atlantic's principal office is in Roanoke, Virginia (Complaint ¶ 6), and none of the events giving rise to this action occurred in New York. Further, Atlantic does not maintain an office in New York and does not have any employees located in New York. In fact, defendant suspects that the only reason this action was commenced in New York is because plaintiff's counsel is licensed here. Additionally, defendant has nothing to do with the events that gave rise to the claims in this case. In other words, the basis of this lawsuit is alleged Fair Debt Collection Practices Act ("FDCPA") violations stemming from a collection letter drafted and sent by Atlantic's *attorneys* in South Carolina, as is clearly indicated on the collection letter attached to the complaint (Complaint Exhibit A). Atlantic played no role in the drafting or

1

sending of the letter at issue. Curiously, the drafters of the letter at issue were wholly omitted from this action. And, despite this tenuous connection, plaintiff seeks to define an inadequate nationwide putative class based only on letters drafted and sent by Atlantic's attorneys regarding *Atlantic's* collection accounts, and despite the fact that the third party law firm only attempts to collect debts within South Carolina. To add insult to injury, plaintiff fails to specify the basis for the current venue under the appropriate statute (see Complaint ¶¶ 3-4). Defendant now seeks to rectify one of the many wrongs committed by plaintiff by way of dismissal of this action or transfer to the appropriate venue in either the Virginia Western District Court or South Carolina District Court.

## PERTINENT FACTS

Plaintiff, a resident of South Carolina (Complaint ¶ 5), defaulted on a debt which was subsequently assigned to defendant Atlantic Credit and Finance, Inc. ("Atlantic"), a Virginia Corporation (Complaint ¶ 6). The account was later forwarded by Atlantic to it's attorneys, Richardson Plowden Robinson, P.A., a law firm in South Carolina, for collection (sometimes referred to as "the third party law firm"). As required by law, the third party law firm sent plaintiff a demand letter indicating the amount due and owing (Complaint Exhibit A). Defendant Atlantic did not participate in the drafting or sending of the letter at issue and had not seen a copy of said letter until the commencement of the instant suit. It should also be noted that Atlantic does not have any offices or employees in New York. In fact, while Atlantic does forward defaulted debts to third party collection agencies and law firms for collection throughout the country, or attempts to collect some accounts itself, aside from it's principal office and headquarters in Roanoke, Virginia, Atlantic maintains only one other "one man" sales office in Arizona.

2

Soon after the relevant demand letter was sent by the third party law firm, defendant received the instant complaint, naming Atlantic only, alleging that *Atlantic* knew and consented to the language contained in the demand letter and thereby violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, 1692e, and 1692g (Complaint ¶ 17). In other words, plaintiff is alleging that defendant Atlantic, despite the fact that it did not see the letter prior to this lawsuit, nor draft the letter, allegedly engaged in false representations or deception in connection with an attempt to collect a debt, that *Atlantic* allegedly failed to advise that if the debt is disputed, that collection of the debt will be ceased, and that *Atlantic* allegedly overshadowed the plaintiff's and other consumers' right to dispute the debt by using certain language threatening a lawsuit in the letter at issue, among other things. Curiously absent from this action is the law firm whose letterhead is clearly displayed on the letter at issue, and who drafted it. Moreover, plaintiff improperly defines a United States putative class despite the fact that the third party law firm only collects and sues on defaulted debt within South Carolina.

Issue was joined on February 25, 2011. Defendant additionally preserved the venue defense in its answer (Answer ¶ 32). Defendant thereafter submitted an endorsed letter to Judge Hellerstein regarding the glaring venue defects in this case and requested a conference in an attempt to resolve the issues (Docket #8). Plaintiff responded by opposing defendant's claims but consented to a conference on the issue. In response, Judge Hellerstein requested defendant make the instant application.

## LEGAL ARGUMENT

**A.    DISMISSAL PURSUANT TO 28 U.S.C. § 1406(a) AND FED.R.CIV.P. 12(b)(3)**

As described above, beyond citing to the statute, 28 U.S.C. § 1391, and generally claiming that defendant "does business" within this district (*see* Complaint ¶¶ 3-4), plaintiff fails

3

to provide the specific statutory basis for venue in this case. Presumably, given that this action is not grounded in diversity of citizenship, plaintiff is referring to § 1391(b), which reads, in pertinent part:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.
>
> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

Again, plaintiff does not specify which of the three alternatives within § 1391 applies in this case. Furthermore, the statute governing dismissal for improper venue states, in part, "(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. 1406(a).

Whether dismissal or transfer is appropriate lies within the sound discretion of the district court. *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)(citations omitted).

Regarding § 1391(b)(1), that an action may be venued in a district where any one defendant resides, if all defendants reside in the same State, as described above, defendant does not have an office in New York, does not have any employees located in New York, and is not incorporated in New York. Thus, it is hard to say that defendant is located in New York for venue purposes. The instant case is similar to *Brown v. Rochester Super 8 Motel*, where venue

4

was found to be improper pursuant to § 1391(b)(1) because none of the defendants lived in the venued district. 899 F.Supp. 151 (S.D.N.Y. 1995). In *Brown*, despite the fact that defendant was a New York Corporation, because it's principal place of business was located in the Western District of New York, and because it's other businesses were located in the Western District, coupled with the fact that the other individual co-defendants resided in the Western District of New York, it was determined that venue in the Southern District was improper. *Id.*

Moreover, regarding § 1391(b)(2) venue, in *Gulf Insurance Co. v. Glasbrenner,* the Second Circuit held that the civil venue statute permits venue in multiple judicial districts as long as a "substantial part" of the underlying events took place in those districts. 417 F.3d 353, 56 (2d Cir. 2005). The court clarified that, for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question. *Id.* at 357. *See also Daniel v. American Bd. of Emergency Medicine,* 428 F.3d 408 (2d Cir. 2005). In this case, nothing giving rise to this action occurred in New York. Plaintiff's account was forwarded from Virginia to the third party attorney in South Carolina for collection. The collection letter at issue was drafted, mailed, and received within South Carolina. In other words, not even an *insignificant* event or omission, material or otherwise, occurred within New York or this District.

In *Friedman v. Revenue Management of New York, Inc.*, where plaintiff did not specify which provision of 28 U.S.C. § 1391 applied, as here, even though the defendant corporation at issue was a New York corporation and resident, where the corporation had no offices or employees in New York, where it was principally operated from offices in the Northern District of Illinois, where all debt collection activity directed to New York took place in Illinois, and where legal proceedings regarding collections were forwarded by the defendant corporation to outside counsel in New York, among other things, the matter was dismissed for improper venue

5

because plaintiff failed to establish that a substantial part of the events or omissions giving rise to the claim took place in New York. 839 F.Supp. 203 (S.D.N.Y. 1993), affirmed 38 F.3d 668 (2d Cir. 1994).

The connection to New York in this action is even weaker than the insufficient one found in *Friedman* and defined in *Gulf*. Like *Friedman,* none of the alleged events or omissions that gave rise to the allegedly objectionable collection letter took place in New York; not only did Atlantic not participate in the drafting or sending of said letter, Atlantic has no employees in New York, no offices in New York, all collection activities were conducted outside of New York and directed at a consumer in South Carolina, and *none* of the parties are located in New York. Thus, dismissal for improper venue is a clearly viable remedy.

### B.     TRANSFER OF VENUE PURSUANT TO 28 U.S.C. § 1404(a)

#### I.     *TRANSFER IN GENERAL, STANDARD OF REVIEW*

Alternatively, if the Court declines to dismiss this action for improper venue, the Court has the authority to transfer venue under 28 U.S.C. § 1404(a), which is "intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)(internal quotations and citations omitted). Courts *routinely* transfer cases when the principal events occurred and the principal witnesses are located in another district. *See Viacom Int'l, Inc. v. Melvin Simon Productions,* 774 F.Supp. 858, 867 (S.D.N.Y.1991)(emphasis added).

When considering whether to transfer a case under the statute, a district court must conduct "a two-part test: (1) whether the action to be transferred might have been brought in the transferee venue; and (2) whether the balance of convenience and justice favors transfer."

6

*Advanced Fiber Tech. Trust v. J & L Fiber Serv. Inc.*, 2008 WL 4890377, at *1 (N.D.N.Y.)(citations omitted). *See also Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 11 F.Supp.2d 729, 730 (S.D.N.Y.1998).

Some of the factors a district court considers in it's fairness and convenience determination are, *inter alia:* "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106-107 (2d Cir. 2006)(*citing Albert Fadem Trust v. Duke Energy Corp.*, 214 F.Supp.2d 341, 343 (S.D.N.Y.2002)). The party seeking transfer has the burden of making a "clear-cut showing" that transfer is warranted in light of these factors. *O'Hopp v. ContiFinancial Corp.*, 88 F.Supp.2d 31, 34-35 (E.D.N.Y.2000)(citing, inter alia, Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215 (2d Cir.1978)).

### 1.     WHETHER THE ACTION TO BE TRANSFERRED MIGHT HAVE BEEN BROUGHT IN THE TRANSFEREE VENUE

In this case, the action could properly be transferred, and could have been properly brought, in either Virginia Western District Court or South Carolina District Court. The Virginia Western District Court is a proper venue for this action pursuant to § 1391(b)(1), discussed supra, in that the one and only defendant resides there by way of it's principal office and headquarters being located in Roanoke, Virginia. Additionally, defendant is a Virginia corporation clearly doing business in Virginia. Similarly, the South Carolina District Court is a proper venue for the action pursuant to § 1391(b)(2) in that not just a substantial part, but essentially *all* of the acts or omissions giving rise to the claim, occurred in South Carolina; the

plaintiff resides there and the third party attorney that drafted and sent the allegedly objectionable letter is located there as well.

### 2. THE CONVENIENCE AND "INTEREST OF JUSTICE" FACTORS

For purposes of clarity and brevity, this brief will focus on the glaringly inconvenient and/or pertinent factors at issue, to wit, (a) the plaintiff's choice of forum and location of counsel's law license, (b) the convenience of witnesses, (c) the location of relevant documents and relative ease of access to sources of proof, (d) the convenience of parties, (e) the locus of operative facts and (f) the availability of process to compel the attendance of unwilling witnesses.

### (a) PLAINTIFF'S CHOICE OF FORUM AND LOCATION OF COUNSEL'S LAW LICENSE

While plaintiff's choice of forum is usually given some weight when deciding a motion to transfer venue, when the plaintiff is not a resident of the chosen forum, his or her preference is due less weight. *Zaitsev v. State Farm Fire & Cas. Co.*, 2005 WL 3088326 at *3 (E.D.N.Y.)(citations omitted). Additionally, a recent case out of this very district stressed that the location and convenience of counsel is <u>not</u> a consideration to be accorded *any* weight. *Walton v. Chase Home Finance LLC*, Slip Copy, 2011 WL 1045067 (S.D.N.Y.)(*citing Zaitsev*). Clearly, the only factor slightly in favor of maintaining the action in the instant District is undermined by the fact that plaintiff himself is not even a resident of the seemingly random chosen forum. And, because it is clear that the only reason why this action was commenced in this district is because plaintiff's counsel is licensed here, according to *Walton,* the preference must be disregarded altogether.

### (b) THE CONVENIENCE OF WITNESSES

The convenience to witnesses is considered the "most important" factor. *Dwyer v. Gen. Motors Corp.*, 853 F.supp. 690, 692-93 (S.D.N.Y. 1994). As described above, in this case, none of the potential witnesses reside in the instant district. Rather, the witnesses are all located in either defendant's headquarters in Virginia, or, in South Carolina where the plaintiff resides and where the third party law firm that drafted the letter at issue is located. Additionally, either of the two proposed districts would be closer in proximity, and more convenient to the witnesses than the instant one. Given that this factor is the most important one, and given that it is clear that the present forum is inconvenient for all involved, the need for transfer is apparent.

### (c) THE LOCATION OF RELEVANT DOCUMENTS AND RELATIVE EASE OF ACCESS TO SOURCES OF PROOF

In *In re Stillwater Mining Co. Sec. Litigation,* the Court explained the importance of venuing an action where the significant documents are located: "[w]hile it is true that documents can be transported from state to state, for purposes of weighing transfer factors, the fact that documents are all currently located in [the transferee district] favors transfer." 2003 WL 21087953 at *5 (S.D.N.Y. 2003). Here, documents proving defendant's lack of involvement in the drafting or sending of the letter at issue are located in Virginia. Likewise, documents proving the sole involvement of the third party law firm in the drafting of the letter at issue are located in South Carolina. Hence, especially in light of the variety of other factors weighing in strong favor of transfer, there is no rational or legitimate reason to force the parties to incur additional burden and expense by forcing them to transfer the necessary proof to New York when there are no ties to New York to begin with.

### (d)   CONVENIENCE OF PARTIES

In *In re Hanger Orthopedic Group,* the Court indicated that because none of the plaintiffs resided in the chosen venue, they could not claim that the forum was more convenient. 418 F.Supp.2d 164, 69 (E.D.N.Y. 2006). The Court noted that because trial would "focus almost entirely on defendants' conduct, defendants' presence at the trial is crucial, while matters within any particular plaintiff's individual knowledge would not be particularly relevant to the claims and likely defenses." *Id.* (internal quotations and citations omitted). Similarly, as plaintiff does not reside in New York, the current venue cannot possibly be convenient for him, and he is estopped from claiming otherwise.

Moreover, it is possible that defendant will opt to add the third party law firm to this litigation, in which case transfer to Virginia or South Carolina would be more convenient for them as well. Additionally, while plaintiff references a United States putative class, as the third party law firm only collects and sues upon defaulted debt within *South Carolina,* and was the entity that drafted and sent the collection letter at issue, only South Carolina consumers could have received it. Hence, it is clear that the current forum is not convenient for any of the parties, potential parties, or the putative class members, as none of them are located in New York.

### (e)   LOCUS OF OPERATIVE FACTS

In *Tobey v. National Action Financial Services, Inc.,* the Court indicated that the place where key decisions regarding the generation of alleged debt collection communication, as well as the place from where the communication was sent, is considered a place of operative fact in FDCPA actions. Slip Copy, 2009 WL 3734320 at *3 (E.D.N.Y.2009). The court also stated that another location of operative fact would be where the communication was *received. Id.*

In this case, whether the locus of operative facts is considered the non-party law firm's office where the letter at issue was drafted and sent, or where it was received by the plaintiff, the location would unquestionably be South Carolina, not New York. Moreover, based on plaintiff's far-fetched theory of alleged vicarious liability by defendant, the lack of decisional facts regarding the letter at issue would again be located in Virginia, not New York.

### (f) THE AVAILABILITY OF PROCESS TO COMPEL THE ATTENDANCE OF UNWILLING WITNESSES

The availability of process to compel witnesses weighs in favor of transfer. *In re Stillwater*, 2003 WL 21087953 at *5 (S.D.N.Y. 2003). In this case, all known witnesses are located in Virginia or South Carolina, outside of this Court's subpoena power. The key non-party witness in this case, the third party law firm that drafted and sent the collection letter at issue, is located in South Carolina. If defendant does not join the third party firm in this litigation, it will be of utmost importance to the determination of this case that they appear for trial and depositions to testify about their obvious involvement. Likewise, it will be detrimental and prejudicial to defendant if that right is undermined due to the current location of the action. *See also* Fed.R.Civ.P. 45(a)(2)(A) & 45(c)(3)(A)(ii).

## *II.   PRACTICAL APPLICATION*

In the recently decided *Walton* case, in granting defendant's motion to transfer venue, Judge Marrero stated:

> In reviewing the complaint and other papers filed in this matter the Court notes that Walton asserts that she is a resident of Carmel, Indiana, and that defendants Chase and Experian Information System ("Experian") are corporations doing business in New York. The complaint indicates that the events giving rise to the underlying action occurred in connection with alleged inaccurate reporting by Chase to Experian concerning mortgage payments by Walton. It therefore appears that all or most of the material events, documents, persons and potential witnesses related to this action are located in the Southern District of Indiana.

2011 WL 1045067 (S.D.N.Y.).

Similarly, in *Berman v. Informix Corp.,* where virtually all of the witnesses and non-party witnesses with knowledge resided in California, where the relevant documents needed for discovery were unquestionably located in California, where the locus of operative facts was determined to be in California, and even where the plaintiff was pro se and resided in the disputed district, among other things, defendant's motion to transfer venue was granted. 30 F.Supp. 2d 653, 657-661 (S.D.N.Y. 1998). *See also Viacom Int'l, Inc. v. Melvin Simon Productions,* 774 F.Supp. 858 (S.D.N.Y.1991)(motion to transfer venue granted); *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.,* 11 F.Supp.2d 729, 730 (S.D.N.Y.1998)(Convenience of witnesses, locus of operative facts, location of documents and the like supported transfer to California. Among other things, the court stated "[o]f the factors enumerated above, the first two, "the convenience of witnesses" and "the location of relevant documents and relative ease of access to sources of proof," loom large when deciding between fora separated by roughly 3,000 miles.").

Like the cases referenced above, the weight of the convenience and fairness factors support, at the very least, transfer of this action to South Carolina or Virginia. As described above, unlike New York, South Carolina is the locus of the operative facts, in that South Carolina is where the collection letter at issue was drafted, sent, and received, it is where both the plaintiff and the third party attorney are located and where it would be practical and convenient for them to appear for a deposition and trial, it is where the collection activities took place, where the putative class members are located, and it is where a substantial amount of the relevant proof is located.

Similarly, as described above, if the action were transferred to the Western District of Virginia, again unlike New York, it's a venue where defendant's headquarters and principal

12

office is located and where it would be practical for defendant's representatives to appear for depositions and trial, and it is where some of the relevant documents, proving that Atlantic had nothing to do with drafting or sending of the letter at issue, are located as well.

## CONCLUSION

In sum, it is clear that essentially every factor in the venue analysis weighs in favor of transfer or dismissal. As it is evident that New York has no connection to this case and that it would be grossly unfair and inconvenient for *all parties and witnesses* involved, the action cannot properly be sustained in this District.

Respectfully submitted,

Mel S. Harris & Associates, LLC
By: Hilary F. Korman, Esq.
5 Hanover Square, 8th Fl.
New York, NY. 10004
Direct Dial: (212) 571-4900 Ext. 3309
Direct Facsimile: (212) 660-1018
E-mail: hkorman@melharrislaw.com