UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JOSEPH Y NAPARSTEK, on behalf of himself
and the class defined herein,

        Plaintiff

  -against-

ATLANTIC CREDIT & FINANCE, INC.

        Defendant
------------------------------------------------------------------------X

REPLY
MEMORANDUM
OF LAW

11-cv-0457(AKH)

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF DEFENDANT'S MOTION
TO DISMISS OR TRANSFER VENUE
PURSUANT TO 28 U.S.C. § 1406, FED.R.CIV.P. 12(b)(3),
AND 28 U.S.C. § 1404**

HILARY KORMAN, ESQ.
MEL S. HARRIS & ASSOCIATES, LLC
5 Hanover Square – 8th Floor
New York, New York 10004
212-660-4900 Ext.3309

## **TABLE OF CONTENTS**

| SECTION | | PAGE |
|---|---|---|
| **Introduction**……………………………………………………………… | | 1 |
| **Legal Argument**…………………………………………………………… | | 1 |
| Point I: | PLAINTIFF'S ATTEMPT TO DISTRACT THE COURT FROM THE ISSUES BEFORE IT BASED ON THE WEAK MERITS OF THIS CASE FAILS …………………………………………………… | 1 |
| Point II: | GIVEN THE CLEAR VENUE DEFENCES IN THIS CASE, DISMISSAL PURSUANT TO 28 U.S.C. § 1404(a) AND FED.R.CIV.P. 12(b)(3) IS A WARRENTED……………………………………………………… | 3 |
| Point III: | | |
| | A. PLAINTIFF'S CLAIMS THAT DEFENDANT'S MOTION IS DEFICIENT BECAUSE IT DID NOT INCLUDE EVIDENTIARY PROOF OF ITS CLAIMS IS A RED HERRING …………………… | 4 |
| | B. PLAINTIFF'S CHOICE OF FORUM MUST BE GIVEN LESS WEIGHT BECAUSE HE IS ADMITTEDLY NOT A RESIDENT OF NEW YORK… | 6 |
| | C. PLAINTIFF'S CHOICE OF FORUM MUST BE GIVEN LESS WEIGHT BECAUSE HE IS ADMITTEDLY NOT A RESIDENT OF NEW YORK… | 7 |
| | D. AS ALL OF THE PARTIES AND WITNESSES ARE UNDISPUTEDLY LOCATED IN VIRGINIA OR SOUTH CAROLINA, AND, BASED ON RELEVANT CASE LAW, IT IS UNNECESSARY TO SET FORTH SPECIFIC NAMES OF SAID WITNESSES TO PROVE THAT THE INSTANT VENUE IS INCONVENIENT FOR ALL INVOLVED COUNSEL………………………………………………………… | 7 |
| | E. IT IS TOO EARLY IN THE LITIGATION TO KNOW WHETHER NON-PARTY WITNESSES WOULD BE UNWILLING TO APPEAR, HOWEVER, AS THEY WERE INTENTIONALLY EXCLUDED FROM THIS ACTION AND ARE MILES AWAY, THEY HAVE NO REASON TO TESTIFY VOLUNTARILY…………………………………………… | 10 |
| | F. LOCUS OF OPERATIVE FACTS AND ALL PROOF IS STILL LOCATED OUTSIDE OF NEW YORK ……………………………………… | 11 |
| | G. INTERESTS OF JUSTICE BASED ON THE TOTALITY OF THE CIRCUMSTANCES YORK …………………………………………… | 12 |
| **Conclusion** …………………………………………………………………… | | 13 |

## **TABLE OF AUTHORITIES**

|  | PAGE |
|---|---|
| *AIG Fin. Prods. Corp. v. Pub. Util. Dist. No. 1*, 675 F. Supp. 2d 354 (S.D.N.Y 2009).................................................................................. | 10 |
| *Austin v. International Brotherhood of Teamsters-Airline Div.*, 739 F. Supp. 206 (S.D.N.Y 1990)................................................................................... | 9 |
| *Cavu Releasing, LLC. v. Fries*, 419 F.Supp.2d 388 (S.D.N.Y 2005) ............. | 5 |
| *ESPN, Inc. v. Quicksilver, Inc.*, 581 F. Supp. 2d 542 (S.D.N.Y. 2008) ........... | 6 |
| *Fellus v. Sterne, Agee & Leach, Inc.*, 2011 WL 1218838 (S.D.N.Y.), Case No. 10 Civ. 8881(SAS)....................................................................... | 8 |
| *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) ................... | 5 |
| *In Re Hanger Orthopedic Group*, 418 F.Supp.2d 164, 169 (E.D.N.Y. 2006)...... | 7 |
| *In re Stillwater*, 2003 WL 21087953 at *5 (S.D.N.Y. 2003) ......................... | 10, 11, 12 |
| *Knight v. National Debt Collectors, Inc.*, 2008 WL 4890377, at *1 (N.D.N.Y) ............................................................................ | 1 |
| *Kolko v. Holiday Inns, Inc.*, 672 F.Supp. 713, 716 (S.D.N.Y 1987)................. | 12 |
| *KPMG Consulting, Inc. v. LSQ II, LLC*, 2002 WL 1543907 (S.D.N.Y.), 01 CIV. 11422 (SAS)........................................................................... | 8 |
| *Landoil Resources Corp. v. Alexander, Servs, Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1991)................................................................ | 3 |
| *Plastic Suppliers, Inc.*, 2011 WL 196887 at *3 (N.D.N.Y 2011), Case No. 3:10-CV-0512................................................................................. | 11 |
| *Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C.*, 927 F.Supp 731 (S.D.N.Y 1996) ..................................................... | 5 |
| *Simon v. Ward*, 80 F.Supp.2d 470-71 (E.D.Pa 2000) ............................ | 4 |
| *Scally v. Hilco Receivables, LLC.*, 392 F. Supp.2d 1036 (N.D.Ill 2005) ................................................. | 2 |
| *Smart v. Goord*, 21 F.Supp.2d 309, 316 (S.D.N.Y 1998) ......................... | 11 |

*Stines Interoil, Inc. v. Apex Oil Co.* 604 F. Supp. 978, 983 (S.D.N.Y 1985)….. 6

*United States of America v. Kranner*
2008 WL 2663414 (N.D.Iowa), Case No. 07-CR-1023-LRR………………… 4

*Viacom Int'l, Inc. v. Melvin Simon Productions,* 774 F.Supp. 858, 867
(S.D.N.Y 1991)……………………………………………………………. 7

*Walton v. Chase Home Fin. LLC,* 2011 WL 1045067 (S.D.N.Y) ……………… 5, 6

*Zaitsev v. State Farm Fire & Cas. Co.,* 2005 WL 3088326 at *3 (E.D.N.Y)….. 6

## STATUTES

                                                                                        **PAGE**

28 U.S.C. § 1406 (a) ………………………………………………………………… 1

Fed. R.Civ.P. 12(b)(3), ………………………………………………………………… 1

28 U.S.C. § 1404(a) ………………………………………………………………….. 1, 4, 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

JOSEPH Y NAPARSTEK, on behalf of himself
and the class defined herein,

          Plaintiff

   -against-

ATLANTIC CREDIT & FINANCE, INC.

          Defendant
-------------------------------------------------------------------------X

DEFENDANT'S REPLY
MEMORANDUM
OF LAW

11-cv-0457(AKH)

## INTRODUCTION

This reply brief is respectfully submitted in further support of Defendant Atlantic Credit & Finance, Inc.'s motion to dismiss or transfer venue pursuant to 28 U.S.C. § 1406(a) and Fed. R.Civ.P. 12(b)(3), or 28 U.S.C. § 1404(a). Defendant will rely on the facts provided in its brief previously submitted in support of the instant motion. However, it bears repeating that, beyond plaintiff's counsel being licensed to practice law in this state, this action has no connection to New York.

## LEGAL ARGUMENT

### POINT I

**A.** **PLAINTIFF'S ATTEMPT TO DISTRACT THE COURT FROM THE ISSUES BEFORE IT BASED ON THE WEAK MERITS OF THIS CASE FAILS**

Plaintiff begins his brief by curiously claiming, despite the fact that no discovery has been conducted, that he would have *already* moved for summary judgment, but for the decision in *Knight v. National Debt Collectors, Inc.*, Case No. 07-cv-05989 (S.D.N.Y)(*see* Plaintiff's Opposition, Pg. 2), a case where the defendant defaulted in answering or appearing. Despite plaintiff's acknowledgement that no discovery has been conducted in this case, and despite the

1

fact that the obviously flawed merits of this case are not before the Court, plaintiff spends a total of six pages of his opposition *speculating* about Atlantic's *possible* connection to the drafting of the collection letter at issue (see Opposition Pg. 1: "the letter in question "may" have been drafted by Atlantic..") clearly identified as a letter from the South Carolina law firm Richardson Plowden Robinson, P.A (Opposition Ex. A). The weakness of this argument is apparent; based on this admitted speculation plaintiff somehow concludes that defendant falls into certain legal definitions and *directly* violated the FDCPA (see Opposition Pg. 2-3: "establish an FDCPA violation..."). Plaintiff proceeds to cite a variety of non-binding cases outside of this Court's jurisdiction in support of the transparent claim. The same applies to his far-fetched claim that a passive creditor or "debt collector" is automatically vicariously liable for a collection agency's actions (Opposition Pg. 4) all the while citing non-binding cases outside of this jurisdiction which merely state that an entity considered to be a debt collector "may" or "could" be found vicariously liable, of course, depending on the facts before the court (Opposition Pgs 4-5). However, plaintiff omits mentioning that the standard for finding a passive debt collector directly liable for a collection agency's actions is a high one. *see Scally v. Hilco Receivables, LLC.*, 392 F.Supp.2d 1036 (N.D.Ill 2005).

However, it is painfully obvious that plaintiff is trying, albeit unsuccessfully, to distract the Court from the concrete issues before it-- whether this action should remain in New York. Further, plaintiff's general discussion about the merits of this case, without any kind of factual support, serves only to further undermine plaintiff's basis for suing the defendant in this case. Thus, as the discussion and issue is premature, and not before the Court, defendant will not burden the Court with anything further on the topic.

## POINT II

**A.   GIVEN THE CLEAR VENUE DEFECTS IN THIS CASE, DISMISSAL PURSUANT TO 28 U.S.C. § 1406(a) AND FED.R.CIV.P. 12(b)(3) IS WARRANTED**

In his opposition, plaintiff improperly claims, for the very first time, that venue is proper pursuant to 28 U.S.C. § 1391(b)(1). However, this allegation is wholly absent from the complaint. Surely, plaintiff's new position does not properly amend his already defective pleading. Defendant and the Court should not be expected to guess the basis for venue in this case. Based on the defect in the complaint alone, this case must be dismissed.

Further, the factors plaintiff cites in his "doing business" analysis, from *Landoil Resources Corp. v. Alexander, Servs. Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1991), in support of his claim that defendant is subject to general jurisdiction in New York, do not further his position. Among other things, as clarified in defendant's original motion and ignored by plaintiff, defendant does not have any offices in New York, let alone in the Southern District, does not have any agents or employees in New York, and any suits commenced within New York are brought by independent attorneys that defendant retains. Also, it cannot be said that the debts that defendant acquired are "located" within New York or that because the debts "belong" to New York consumers that they are located in New York as the concept of "debt" is clearly a liquid one. Moreover, plaintiff fails to address how defendant's conduct would be considered continuous and systematic, other than conclusively stating so, in accordance with the governing case law. Thus, defendant's lack of a connection to New York is readily apparent.

## POINT III

A.    **PLAINTIFF'S CLAIMS THAT DEFENDANT'S MOTION IS DEFICIENT BECAUSE IT DID NOT INCLUDE EVIDENTIARY PROOF OF ITS CLAIMS IS A RED HERRING**

At the outset, in another attempt by plaintiff to distract the Court from defendant's strong case for dismissal or transfer, plaintiff attempts to claim that because defendant has failed to attach "depositions" or "stipulations" to its motion, among other things, that defendant has failed to meet its burden sufficient to warrant transfer. Surely, those items have no place in this motion. Additionally, if the parties were already given an opportunity to conduct depositions, we would be at the summary judgment stage. As described in defendant's original motion, no discovery has been conducted. Further, if plaintiff is in fact questioning the obvious geographic location of the parties and witnesses in this case, he is also claiming that the facts he alleges in his own complaint, that plaintiff resides in South Carolina (*see* Complaint ¶ 5), that Atlantic is located in Virginia (Complaint ¶ 6), and that the third party law firm is located in South Carolina (Complaint Exhibit A), are false. Surely, that cannot be the case.

Moreover, although plaintiff generally cites *United States of America v. Kanner* (2008 WL 2663414 (N.D.Iowa), Case No. 07-CR-1023-LRR) in support of his claim, plaintiff omits from mention that the court was considering a motion to transfer pursuant to the Federal Rules of Criminal Procedure § 21(b), which requires an entirely different analysis than that under 28 U.S.C. § 1404. *Id.* at 4-5. Similarly, in *Simon v. Ward*, also cited by plaintiff, the district court was strictly applying settled precedent regarding certain required evidence out of the *Third Circuit Court of Appeals*. 80 F.Supp 2d 464, 470-71 (E.D.Pa 2000). In this case, unlike the two non-binding cases cited by plaintiff, the parties are in agreement regarding the location of the parties and the relevant facts have been sufficiently established.

4

Conveniently, plaintiff does not cite any authority within this district or circuit to support his claim that defendant is *required* to submit a factual affidavit, depositions, or stipulations in support of its motion. Further, based on *Walton v. Chase Home Fin. LLC,* 2011 WL 1045067 (S.D.N.Y), it is clear that courts within the Southern District are able to make a decision regarding venue transfer based on the pleadings alone.

> *Gulf Ins. Co. v. Glasbrenner* is comparable:
>
> Accordingly, we will apply the same standard of review in Rule 12(b)(3) dismissals for improper venue as we do in Rule 12(b)(2) dismissals for lack of personal jurisdiction:
>
> If the court chooses to rely on pleadings and affidavits, the plaintiff need only make a prima facie showing of [venue]. But if the court holds an evidentiary hearing ... the plaintiff must demonstrate [venue] by a preponderance of the evidence. On appeal, we review de novo the legal question of whether a prima facie case has been established. After a hearing, where findings are made by the trial court, those findings may be set aside on appeal only when clearly erroneous.
>
> *CutCo Indus. v. Naughton,* 806 F.2d 361, 364-65 (2d Cir.1986) (citations omitted); see also *Sunward Elecs. v. McDonald,* 362 F.3d 17, 22 (2d Cir.2004). Here, there has been no substantial disagreement about the facts relevant to venue.

417 F.3d 353, 355 (2d Cir. 2005).

Here, as we are at the motion stage prior to any discovery or evidentiary hearings, pleadings and other evidence in support of the motion are appropriate. As the complaint and its attachments demonstrates the geographic location of the parties and the third party law firm, and the implications of the parties being located in those remote states is apparent, the facts are clear and no further evidence is necessary. If anything, because venue has been challenged by defendant, *plaintiff* bears the burden of proving that venue is proper in the forum state. *Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C.,* 927 F.Supp. 731 (S.D.N.Y 1996). Similarly, regarding a motion to dismiss for improper venue, *Cavu Releasing, LLC. v. Fries* noted that a Court must accept all facts alleged in complaint as true. 419 F.Supp.2d 388. (S.D.N.Y 2005). As described above, the facts in the complaint note that the plaintiff is located in South Carolina, that the defendant's principal office is in Virginia, and that

5

the third party law firm operates out of South Carolina. Of course, if requested, defendant could quickly and easily provide a supporting affidavit to the Court reflecting same.

### B. PLAINTIFF'S CHOICE OF FORUM MUST BE GIVEN LESS WEIGHT BECAUSE HE IS ADMITTEDLY NOT A RESIDENT OF NEW YORK

While plaintiff is correct that some courts have stated that plaintiff's choice of forum is accorded deference *in the event* that the other factors do not weigh in favor of transfer (*ESPN, Inc. v. Quicksilver, Inc.*, 581 F. Supp. 2d 542 (S.D.N.Y. 2008)), in this case, the only factor that may have weighed in favor of retaining the matter in the Southern District is that the plaintiff chose the forum. However, not only do the other factors mandate a clear need for transfer, but, plaintiff's decision is due significantly less weight since the plaintiff himself is not a resident of the forum state. *Zaitsev v. State Farm Fire & Cas. Co.*, 2005 WL 3088326 at *3 (E.D.N.Y.)(citations omitted). Thus, plaintiff has forfeited his only benefit in support of retaining the matter in the instant district or state.

Incredibly, plaintiff cites *Stines Interoil, Inc. v. Apex Oil Co.* to further claim that plaintiff's choice of forum should be respected where the transfer would merely shift the inconveniences from one party to another. 604 F. Supp. 978, 983 (S.D.N.Y. 1985). Unfortunately, the only inconvenience that would be suffered if the matter were transferred would be born by plaintiff's *attorney*, and not the plaintiff himself, who does not even live in New York State. And, while plaintiff refuses to acknowledge the impact of the holding in *Walton v. Chase Home Fin. LLC,* 2011 WL 1045067(S.D.N.Y), that plaintiff's counsel's location and convenience is not afforded any weight, and appears to refute that the only reason why this action was commenced in New York is because his attorney is licensed here, conspicuously absent from his opposition is *any justification or explanation* as to why this action was brought in this state or this district. Based on plaintiff's logic, this action could have been

brought in any state within the United States, regardless of the fact that none of the parties, witnesses, documents, or source of operative facts were located there, as long as his attorney was admitted in that state.

### C. TRANSFER WILL NOT AFFECT PLAINTIFF'S ABILITY TO RETAIN COUNSEL

Despite plaintiff's claim that he may not be able to "afford" counsel to bring this claim if this case is transferred, and that his current counsel will only get paid if he is successful in this action, as the FDCPA is a fee-shifting statute (*see* 15 U.S.C. 1692(k)(3)) that awards attorney's fees in the event that the plaintiff is successful, that arrangement is not unique to plaintiff's current situation and would be easy to duplicate if necessary. Further, the Court cannot ignore the big picture here; this plaintiff brought a highly questionable claim against the wrong party in the wrong court.

### D. AS ALL OF THE PARTIES AND WITNESSES ARE UNDISPUTEDLY LOCATED IN VIRGINIA OR SOUTH CAROLINA, AND, BASED ON RELEVANT CASE LAW, IT IS UNNECESSARY TO SET FORTH SPECIFIC NAMES OF SAID WITNESSES TO PROVE THAT THE INSTANT VENUE IS INCONVENIENT FOR ALL INVOLVED

As discussed in defendant's supporting motion, courts *routinely* transfer cases when the principal events occurred and the principal witnesses are located in another district. *See Viacom Int'l, Inc. v. Melvin Simon Productions,* 774 F.Supp. 858, 867 (S.D.N.Y.1991)(emphasis added). Moreover, when the plaintiff or plaintiffs do not reside in the chosen venue, as here, they are barred from claiming that the chosen forum is more convenient than some other forum. *In Re Hanger Orthopedic Group,* 418 F.Supp.2d 164, 169 (E.D.N.Y. 2006). Further, although not *all* of the cited necessary witnesses were referred to by *exact name*, defendant could not have been more clear about which specific witnesses were necessary to the case and that are not located within New York State: (1) Plaintiff, Joseph Y. Naparstek, who resides in South Carolina and

7

whose testimony is necessary for obvious reasons, including his adequacy to represent the putative class, (2) Defendant, Atlantic Credit, a Virginia corporation with all of its employees with knowledge about this case headquartered there, to testify about Atlantic's lack of knowledge and involvement in drafting the letter attached to the opposition at Exhibit A, and (3) the attorney that drafted the letter at issue at Richardson Plowden Robinson, P.A, to discuss their role in said drafting. Of course, defendant is unable to provide the name of that individual at this time as plaintiff failed to name them as a party and no discovery has been conducted. Surely, notwithstanding the fact that the witnesses, parties, and the content of their testimony has been set forth, the Court does not benefit from a list of names in this analysis when the geographic problem is abundantly clear.

Further, we're not simply or vaguely speaking of "witnesses" here, as proposed by plaintiff based on the unpublished decision of *KPMG Consulting, Inc. v. LSQ II, LLC*, 2002 WL 1543907 (S.D.N.Y.), 01 CIV. 11422 (SAS). Rather, we're speaking about the two and only *parties*, among others. In *KPMG*, unlike this case, defendant only supplied vague generalizations about potential witnesses. *Id.* at *3. The court never stated that the witnesses must be set forth by *name*. *Id.* Also, unlike this case, the geographic separation was not nearly as clear as the plaintiff was a Delaware corporation with nationwide offices, including New York, and the defendant did not have any connection to New York. *Id.* at *1. And, in any event, the motion to transfer was granted. *Id.* at * 6. There is nothing vague or general about citing a law firm, located only in South Carolina, to render this clearly strong factor in favor of transfer a "neutral" one, despite plaintiff's pleas. This position is further strengthened by the fact that the two and only parties are also not located in New York. Neither are the putative class members. The same rationale holds for *Fellus v. Sterne, Agee & Leach, Inc.*, 2011 WL 1218838

(S.D.N.Y.), Case No. 10 Civ. 8881(SAS), where the plaintiff actually *did* reside in New York, and where some of the events at issue took place in New York, unlike this case. *Id.* at *4. However, in *Fellus*, the convenience of the witnesses factor was rendered neutral because the movant did not identify *any* witnesses. *Id.* Certainly, *Fellus* is not on point as defendant has clearly pointed to the relevant witnesses and their significance.

Plaintiff's claim that defendant does not "specify why [the witnesses] presence at trial would be necessary" (Opposition Pg. 14) and claim that "deposition testimony is an available alternative to live testimony" (Opposition Pg. 14) is patently absurd. Notwithstanding serious evidentiary complications associated with that statement, live testimony is certainly necessary in the event that the witnesses are alive and available. Moreover, plaintiff is essentially saying that the entire trial should be conducted in New York with *all* remote witnesses—plaintiff, defendant, and the third party law firm, testifying via deposition out of South Carolina or Virginia. In the case cited by plaintiff in support of the proposition, *Austin v. International Brotherhood of Teamsters-Airline Div.*, 739 F. Supp. 206 (S.D.N.Y 1990) plaintiff fails to mention that the plaintiff in that case *lived* in New York and was unable to travel to another jurisdiction. *Id.* at 208. Also, the court's statement regarding the availability of deposition testimony in lieu of trial testimony had to do with the fact that, because of the unique circumstances precluding transfer, the court did not have subpoena power over *non-party witnesses* located in Michigan and who would be *unavailable to testify otherwise*. *Id.* The court even qualified it's decision as unique and "not to be construed broadly." *Id.* at 209. Thus, plaintiff's attempt to conceal the fact that none of the witnesses are located in New York by improperly citing certain technicalities again fails to refute that this factor also leans in strong favor of transfer. Again, it is beyond dispute

that it would be inconvenient to force *every single party* and potential witness to this district for a case that should not have been commenced here in the first place.

### E.   IT IS TOO EARLY IN THE LITIGATION TO KNOW WHETHER NON-PARTY WITNESSES WOULD BE UNWILLING TO APPEAR, HOWEVER, AS THEY WERE INTENTIONALLY EXCLUDED FROM THIS ACTION AND ARE MILES AWAY, THEY HAVE NO REASON TO TESTIFY VOLUNTARILY

Plaintiff attempts to claim that because no affidavits were submitted to indicate that the non-party witnesses were *unwilling* to testify, that the consideration must be ignored by this Court. However, common sense quashes plaintiff's unreasonable skepticism; first, because plaintiff intentionally omitted the third party firm from this litigation because he could not find any connection between them and New York, they have no reason to voluntarily appear. Second, because New York is many miles away from South Carolina, it would be a hardship and expense for them to voluntarily appear. Third, because they are so far from New York, they cannot be compelled to appear by subpoena. Finally, since they were the authors are the letter at issue, and currently have good reason to avoid involvement in this case, it is highly doubtful that they will choose to voluntarily appear. In other words, despite plaintiff's claims, there is no logical reason why the non-party witness *would* voluntarily appear. Further, as we are still in the infancy of this litigation, and have not attempted to confer with the third party firm on this issue, plaintiff's claim that defendant has some obligation to fully investigate, and confirm, whether they will appear or not is completely illogical.

Further, these issues defeat the authority plaintiff cites, such as *AIG Fin. Prods. Corp. v. Pub. Util. Dist. No. 1*, 675 F. Supp. 2d 354 (S.D.N.Y. 2009). Additionally, the strict holding of *AIG Fin. Prods. Corp,.* regarding the production of evidence demonstrating that an out of state witness refuses to testify, flies in the face of other case law out of this District which does not mandate such a requirement (*In re Stillwater,* 2003 WL 21087953 at *5 (S.D.N.Y. 2003)). In

10

other words, although unnecessary, defendant already has, on multiple occasions, identified a witness who has good reason not to testify absent compulsion. Moreover, "defendants have a right to call live witnesses." *In re Stillwater,* 2003 WL 21087953 at *5 (S.D.N.Y. 2003). Thus, plaintiff is unable to overcome the obvious conclusion; that the third party law firm's involvement in this suit is essential and the fact that this Court does not have subpoena power over them militates transfer, especially to South Carolina.

### F. LOCUS OF OPERATIVE FACTS AND ALL PROOF IS STILL LOCATED OUTSIDE OF NEW YORK

Plaintiff blindly claims "it cannot be determined" where the locus of operative facts occurred because there is "no proper evidence before this court." (Opposition Pg. 15). As described above, plaintiff's admissions in his complaint speak for themselves. They clearly demonstrate that as the letter at issue was drafted in South Carolina (Ex. A of the Opposition), as it was received by plaintiff in South Carolina (*Id.* and Complaint ¶ 5), and as the only two possible entities that could have played a role in the drafting of the letter are both located in Virginia and South Carolina, it is crystal clear that the locus of operative facts is not New York and that the operative facts factor can *only* be interpreted as favoring transfer. *See also Smart v. Goord,* 21 F.Supp.2d 309, 316 (S.D.N.Y.1998)(the location of the operative events "[i]s a 'primary factor' in determining a § 1404(a) motion to transfer). Further, "[w]here the operative facts of the case have little connection with the district where the suit is pending, the importance of plaintiff's forum choice… is considerably lessened." *Plastic Suppliers, Inc.,* 2011 WL 196887 at *3 (N.D.N.Y. 2011), Case No. 3:10-CV-0512.

The same rationale applies to the location of the proof. Given that neither Atlantic nor the third party law firm maintains any offices or employees in New York, the relevant proof is clearly not located in New York. In light of the lack of a connection to New York, in addition to

the other favorable factors, and the fact that "[w]hile it is true that documents can be transported from state to state, for purposes of weighing transfer factors, the fact that the documents are all currently located in [South Carolina and Virginia] favors transfer" (*In re Stillwater,* 2003 WL 21087953 at *5 (S.D.N.Y. 2003), there is no justifiable reason to force defendant to incur the additional burden or expense of transporting documents to New York when this case should not have been brought here in the first place. Clearly, this not a neutral factor as plaintiff unsuccessfully claims.

### G. INTERESTS OF JUSTICE BASED ON THE TOTALITY OF THE CIRCUMSTANCES

Plaintiff tries to mislead this Court by claiming that "Atlantic waited nearly four months after this case was filed to make its venue motion and FDCPA claims have a short 1 year statute of limitations." (Opposition Pg. 16). First, as the action has already been filed, a transfer of venue would have no impact on the statute of limitations, regardless of the remaining length of time. Second, while the matter was *filed* in January, defendant did not file an answer until the end of February. Moreover, not only did defendant preserve the venue defense in its answer (Answer ¶ 32), defendant raised the issue two months after the answer filing, and before any discovery or court conferences were had. Thus, it is unclear where plaintiff is going with his contention, especially given the lack of authority provided. As the case has not progressed what-so-ever, and as these sorts of motions do not have set time limits and are permissible even once discovery has started (*Kolko v. Holiday Inns, Inc.,* 672 F.Supp. 713, 716 (S.D.N.Y. 1987)), this motion is clearly ripe for review and does not prejudice plaintiff in any way.

## CONCLUSION

It is evident that New York has no connection to this case and that it would be grossly unfair and inconvenient for *all parties and witnesses* involved. Beyond plaintiff's self-serving claims that every factor in favor of transfer is somehow "neutral," plaintiff does nothing to justify maintaining this action in this district and has failed to rebut defendant's strong showing of inconvenience.

Dated: June 3, 2011

Respectfully submitted,

Mel S. Harris & Associates, LLC
By: Hilary F. Korman, Esq.
5 Hanover Square, 8th Fl.
New York, NY. 10004
Direct Dial: (212) 571-4900 Ext. 3309
Direct Facsimile: (212) 660-1018
E-mail: hkorman@melharrislaw.com